[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Franks v. Ohio Adult Parole Auth.*, Slip Opinion No. 2020-Ohio-711.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-711

THE STATE EX REL. FRANKS, APPELLANT, *v.* OHIO ADULT PAROLE AUTHORITY ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Franks v. Ohio Adult Parole Auth.*, Slip Opinion No. 2020-Ohio-711.]

*Mandamus—A motion for relief from judgment may not be used as a means to litigate an argument that has been waived—Court of appeals' judgment affirmed.*

(No. 2019-0603—Submitted October 22, 2019—Decided March 4, 2020.)

APPEAL from the Court of Appeals for Franklin County, No. 18AP-390.

_____

**Per Curiam.**

{¶ 1} Appellant, Jerry Franks, appeals the Tenth District Court of Appeals' denial of his motion for relief from the judgment dismissing his mandamus action against appellees the Ohio Adult Parole Authority and the Bureau of Sentence Computation (collectively, "the APA"). We affirm.

**Background**

{¶ 2} On May 31, 2018, Franks, an inmate at the Pickaway Correctional Institution, filed a complaint for a writ of mandamus against the APA in the Tenth District Court of Appeals. Franks alleged that he had been convicted of aggravated murder with a firearm specification and had been sentenced in 1999 to an aggregate prison sentence of 23 years to life. According to Franks, he should have been eligible for parole in 2019, but the APA has his first hearing scheduled for 2024. The merits of Franks's mandamus case are not before this court.

{¶ 3} Franks did not pay the filing fee when he filed his complaint, and he did not seek a waiver of that fee. *See* R.C. 2969.25(C) (an inmate seeking to waive the filing fee for a civil action must file an affidavit of waiver, an affidavit of indigency, a statement of the balance in his inmate account for the preceding six months, and a statement that sets forth other assets of value). Based on this deficiency, on June 19, 2018, the magistrate for the court of appeals sua sponte recommended that Franks's complaint be dismissed.

{¶ 4} Five days before the magistrate's recommendation, on June 14, 2018, Franks executed an affidavit attesting that he was "void of assets and funds" and that "as a result, [he] c[ould] not give security for the filing fee[] nor costs * * * by such prepayment or otherwise." Franks failed to attach a statement setting forth the balance of his inmate account from the previous six months. While Franks claims to have submitted the affidavit in response to the magistrate's recommendation, the affidavit actually predates the recommendation.

{¶ 5} On September 20, 2018, the Tenth District Court of Appeals adopted the recommendation of the magistrate and dismissed the complaint. The court of appeals specifically noted that no party had filed objections to the magistrate's decision.

{¶ 6} Four months later, on January 23, 2019, Franks filed a motion for relief from judgment, pursuant to Civ.R. 60(B)(1) and (5). Franks argued that he

2

had never claimed to be indigent and that the court of appeals erred when it adopted the magistrate's recommendation to dismiss his complaint based on his failure to file any indigency documentation. According to Franks, rather than assuming that he wished to claim indigent status, the magistrate should have given him an opportunity to pay the filing fee before recommending that his complaint be dismissed.

{¶ 7} The court of appeals denied Franks's motion for relief from judgment on March 26, 2019. The court held that Franks's failure to file objections to the magistrate's decision barred him from asserting that the court of appeals committed any error when it adopted the magistrate's recommendation. Franks timely appealed.

## Analysis

{¶ 8} The issue in this appeal is *not* whether Franks is entitled to a writ of mandamus. Nor is the issue whether the court of appeals properly dismissed Franks's complaint in the first instance. Rather, the only issue in this case is whether the court of appeals properly denied Franks's motion for relief from judgment.

{¶ 9} Civ.R. 53 authorizes courts of record to appoint magistrates to assist them. *See* Civ.R. 53(A) and (C)(1). When a matter is referred to a magistrate for decision, the magistrate is required to prepare a written decision. Civ.R. 53(D)(3)(a)(i) and (iii). A party who disagrees with the magistrate's decision has 14 days to file objections. Civ.R. 53(D)(3)(b)(i). A party's failure to file objections to a magistrate's decision has consequences:

> Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of

3

> fact or conclusion of law * * *, unless the party has objected to that
> finding or conclusion as required by Civ.R. 53(D)(3)(b).

Civ.R. 53(D)(3)(b)(iv). Thus, in a civil case before a trial court, when a party fails to file objections to a magistrate's decision, that party waives the right to later assign as error on appeal the court's adoption of any of the magistrate's findings and conclusions. *See, e.g., J.S. v. T.S.*, 5th Dist. Knox No. 16CA18, 2017-Ohio-1042, ¶ 21; *Settlers Walk Home Owners Assn. v. Phoenix Settlers Walk, Inc.*, 12th Dist. Warren Nos. CA2014-09-116, CA2014-09-117, CA2014-09-118, 2015-Ohio-4821, ¶ 30.

{¶ 10} This rule also applies in cases that commence as original actions in the courts of appeals and proceed to this court as appeals of right. *State ex rel. Sautter v. Grey*, 117 Ohio St.3d 465, 2008-Ohio-1444, 884 N.E.2d 1062, ¶ 11 ("The Rules of Civil Procedure are generally applicable in original actions for extraordinary writs"). The Tenth District Court of Appeals, for example, has expressly incorporated the terms of Civ.R. 53 into its local rules. *See* Loc.R. 13(M)(1) of the Tenth District Court of Appeals. And when a party to an original action in the Tenth District fails to object to a magistrate's recommendation and the court of appeals adopts it, that party waives his right to raise an argument pertaining to that recommendation on appeal to this court. *See, e.g., State ex rel. Muhammad v. State*, 133 Ohio St.3d 508, 2012-Ohio-4767, 979 N.E.2d 296, ¶ 3.

{¶ 11} As Franks correctly notes in his first proposition of law, the application of Civ.R. 53 to his case prohibits him from raising *on appeal* any arguments he failed to preserve by filing objections to the magistrate's decision; it does not expressly bar him from making those arguments in a motion seeking relief from judgment under Civ.R. 60(B). However, Franks's argument, if accepted, would undermine Civ.R. 53(D)(3)(b)(i), which requires objections to a magistrate's decision to be filed within 14 days of the filing of the decision. Franks's theory

would eliminate that time requirement by permitting a party to file objections to a magistrate's decision at any time, simply by captioning the pleading as a "motion for relief from judgment." We avoid interpretations that would cause one provision of the Rules of Civil Procedure to conflict with another. *See State ex rel. Natl. Emp. Benefit Servs. v. Cuyahoga Cty. Court of Common Pleas*, 49 Ohio St.3d 49, 50, 550 N.E.2d 941 (1990).

{¶ 12} We therefore reject Franks's suggestion, in his first proposition of law, that he may use Civ.R. 60(B) to resurrect an argument that he failed to make within the time frame permitted by rule.

{¶ 13} Franks's second proposition of law raises his argument on the merits, namely that the court of appeals erred when it dismissed his complaint because he was not seeking to waive the filing fees, and therefore the court of appeals should have given him an opportunity to pay the fees before dismissing his complaint for a writ of mandamus. As noted, Franks has waived this argument, and we reject his second proposition of law on that basis.

{¶ 14} In his third proposition of law, Franks asserts that R.C. 2969.25(C) violates his constitutional right to due process. Franks waived this argument by failing to raise it in the court of appeals. *See State ex rel. Chagrin Falls v. Geauga Cty. Bd. of Commrs.*, 96 Ohio St.3d 400, 2002-Ohio-4906, 775 N.E.2d 512, ¶ 15 (in mandamus action, failure to raise constitutional claims in the court of appeals constitutes a waiver). We therefore reject Franks's third proposition of law.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

FRENCH, J., not participating.

———————————

Jerry Franks, pro se.

Dave Yost, Attorney General, and George Horvath, Assistant Attorney General, for appellees.

_____