[Cite as *Kennedy v. Kennedy*, 2024-Ohio-3147.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## GEAUGA COUNTY

BRIAN KENNEDY,

      Petitioner-Appellee,

- vs -

ALEA R. KENNEDY,

      Respondent-Appellant.

CASE NO. 2024-G-0007

Civil Appeal from the
Court of Common Pleas

Trial Court No. 2022 DK 000080

**O P I N I O N**

Decided: August 19, 2024
Judgment: Affirmed

*Deanna L. Dipetta* and *Kathryn E. Meloni*, Meyers, Roman, Friedberg & Lewis, 28601 Chagrin Boulevard, Suite 600, Cleveland, OH 44122 (For Petitioner-Appellee).

*Alea R. Kennedy*, pro se, 1101 Tropicana Avenue, No. 2121, Las Vegas, NV 89119 (Respondent-Appellant).

*John H. Lawson*, Prospect Park Building, 4614 Prospect Avenue, Suite 323, Cleveland, OH 44103 (Guardian Ad Litem).

JOHN J. EKLUND, J.

{¶1} Appellant, Alea Kennedy, appeals the order of the Geauga County Court of Common Pleas finding her in contempt of court for her violation of a temporary restraining order and ordering her to pay attorney fees to appellee, Brian Kennedy, incurred to enforce the restraining order. The court ordered appellant to purge all statements, photographs, documents, or messages posted on the internet about the parties' minor child.

{¶2} Appellant raises six assignments of error arguing various substantive and procedural errors.

{¶3} After review of the record and the applicable caselaw, we find appellant's assignments of error to be without merit for three overarching reasons. First, App.R. 12(A)(2) provides that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16." Appellant's assignments of error are disjointed, difficult to follow, and express conspiratorial, rather than legal or factual, arguments. The effect of this is that her brief fails to direct the court to any portion of the record relevant for review of her case as required by App.R. 12.

{¶4} Second, the trial court conducted a contempt hearing before a magistrate and the magistrate issued a decision. However, appellant did not object to the magistrate's decision. "[W]hen a party fails to file objections to a magistrate's decision, that party waives the right to later assign as error on appeal the court's adoption of any of the magistrate's findings and conclusions." *State ex rel. Franks v. Ohio Adult Parole Authority*, 2020-Ohio-711, ¶ 9.

{¶5} Finally, appellant did not provide a transcript of the contempt hearing. These failures severely limit our ability to review her assignments of error. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm." *Knapp v. Edwards Lab'ys*, 61 Ohio St. 2d 197, 199 (1980).

2

**{¶6}** Therefore, we affirm the judgment of the Geauga County Court of Common Pleas.

## Substantive and Procedural History

**{¶7}** Appellant and appellee were divorced in Arapahoe County Court, Colorado, on July 16, 2021. The parties have one minor child. Appellee sought to relocate the minor child to Ohio because both parties have family in Ohio and residing in Colorado isolated the child.

**{¶8}** The Arapahoe County Court found that it would be in the best interest of the child to move to Ohio. The court noted that both appellant and appellee had a history of mental health issues. The court appointed Dr. Kopit to assist in determining the child's best interests. Dr. Kopit reported that appellant exhibited signs of delusional thinking. For example, appellant claimed that the minor child's biological father was a member of the heavy metal band, Avenged Sevenfold. She denied that appellee was the child's biological father, despite two conclusive tests proving that he was. Further, appellant had made unfounded allegations that Dr. Kopit had sexually assaulted her during interview sessions. The court also said that appellant's testimony was "erratic, puzzling, and at times illogical. Mother rambled incessantly and on numerous occasions lacked focus."

**{¶9}** On February 8, 2022, appellee filed a Petition to Register the Colorado Dissolution Decree as a Foreign Court Decree in the Geauga County Court of Common Pleas. Appellee filed an amended petition on March 11, 2022. Appellant did not challenge this registration.

3

Case No. 2024-G-0007

{¶10} On October 27, 2022, the parties entered into an Agreed Judgment Entry to register the filing of the Colorado Dissolution Decree in the Geauga County Court of Common Pleas.

{¶11} Appellee filed a Motion for Temporary Restraining Order on February 10, 2023. This motion sought to prohibit the dissemination of information regarding the parties' minor child on social media and the internet. The trial court granted the motion on February 14, 2023. The order prohibited the parties from

> posting on the Internet and all social media platforms, including, but not limited to, Instagram, any messages, photographs, images, and/or content that fall within the following subject matters:
>
> > - Photographs of the parties' minor child . . .;
> > - Comments about the parties' minor child;
> > - Alleged conspiracies or abuse involving the parties' minor child and/or those affiliated with the minor child . . .;
> > - References to the present litigation and/or prior litigation in Colorado . . . involving the parties;
> > - References to other individuals associated with the present litigation and/or prior domestic relations litigation in Colorado . . ..

{¶12} The magistrate's order also required that the parties "each take the necessary steps within seven (7) days of the filing of this Order to remove any and all previous content . . . which contain messages, commentary, photographs, images or other content referring to the above-referenced subject matters."

{¶13} Appellee filed a Motion to Show Cause on July 14, 2023, arguing that appellant had violated the February 14, 2023 restraining order by posting a number of restricted topics on the internet. Specifically, appellee alleged that appellant had posted an Instagram Story with text stating "Now two courts are disallowing my filing, even as they chase me through Indiana." The post also contained a link to a Google document file that appellee said contained "disturbing comments about our minor daughter, me, my

4

family, and Mother's family . . .." Appellee requested that appellant pay his attorney fees for prosecuting the motion.

{¶14} On December 4, 2023, the trial court held a hearing through a magistrate on appellee's Motion to Show Cause for appellant's alleged violation of the restraining order and on appellee's request for attorney fees. However, appellant has not provided a transcript of this hearing on appeal.

{¶15} The magistrate issued a decision on January 3, 2024. Appellant appeared for the hearing with court appointed counsel representing her in connection with the contempt proceedings. Appellee called three witnesses: himself on direct examination, appellant as on cross-examination, and his attorney regarding attorney fees and litigation costs. He offered six exhibits into evidence.

{¶16} The magistrate's decision described appellant's post, which contained a link to a Google Document, saying it

> alleged conspiracies involving [appellee's] family (sister and parents), the Royal Family (King Charles, Duke of Windsor, Prince William and his Wife, and their children, [appellee's] family (her father, . . .), and several other individuals. This Google Document also made numerous references to the rape of both [appellant] and the parties' minor child . . . by or at the behest of [appellee], other family members or other third parties.

{¶17} The magistrate found that appellee's testimony established the uncontroverted fact that appellant posted the information on the internet. The magistrate also found appellee established that he incurred legal fees and litigation expenses in order to prosecute the show cause motion.

{¶18} The magistrate found that appellee had met his burden of proof by clear and convincing evidence, and demonstrated that: (1) the February 14, 2023 restraining

5

Case No. 2024-G-0007

order was a valid court order; (2) appellant had knowledge of the order; and (3) appellant violated that order.

{¶19} Therefore, the magistrate recommended that appellant be found in contempt and ordered to serve 30 days in jail and pay a fine of $250.00. The magistrate said that this penalty should be suspended provided that appellant purge her contempt by removing all internet postings that violated the restraining order and filing a notice of removal of such within ten days. The magistrate further concluded that appellant was responsible for appellee's attorney fees in the amount of $2,500.00. The decision included a "***NOTICE REGARDING FILING OF OBJECTIONS TO THIS DECISION**," which stated the text of Civ.R. 53(D)(3)(b).

{¶20} On January 8, 2024, appellant filed a pro se Notice of Removal. Although not notarized, appellant attested to having removed all relevant postings from the internet. She further said that she had contacted appellee's lawyer to set up a payment plan to pay appellee's attorney fees.

{¶21} On February 2, 2024, the trial court issued a judgment entry adopting the magistrate's findings of fact and conclusions of law. The court noted that neither party had filed objections to the magistrate's decision. However, the court did acknowledge appellant's Notice of Removal. The trial court found appellant in contempt of the February 14, 2023 restraining order and ordered appellant to serve 30 days in jail and to pay a fine of $250.00. However, the trial court suspended the sentence to provide 30 days in which to purge the contempt by removing all internet postings in violation of the order. Finally, the trial court ordered appellant to pay $2,500.00 for appellee's attorney fees within 90 days "or in accordance with a payment plan acceptable to" appellee's attorney.

6

{¶22} Appellant timely appealed, raising six assignments of error. In her pro se notice of appeal, appellant indicated that no transcript or statement pursuant to either App.R. 9(C) or (D) was necessary for her appeal.

**Assignments of Error and Analysis**

{¶23} Appellant's assignments of error state:

{¶24} "[1.] The trial court erred in failing to transmit the record on appeal within the timeframe provided by Ohio App.R. 10(B) and Ohio App.R. 11(B), and Appellant's Order to Jail for contempt of Court defies U.S. Const. amend. XIV, § 1."

{¶25} "[2.] The trial court erred in its adherence to the 14th amendment's due process clause in its non-service of process in various contexts, including in the improper service of the Notice of Appeal's docketing, and in not serving the public defender. U.S. Const. amend. XIV, § 1."

{¶26} "[3.] The trial court erred in its application to the Privileges and Immunities clause in its determination of the manifest weight of the evidence, determinable within the context of this appeal; and in its ongoing and precipitated procedural violations, which violate due process. U.S. Const. Art. IV § 2."

{¶27} "[4.] The trial court erred in its violation of 42 U.S.C. § 1985, itself predicated on abuse of 42 U.S.C. § 1983, in their promotion of the regarding of myself as being disabled, pertinent to 42 U.S.C. § 12102(3)(A); against the interests and auspices of various constitutional authorities, including the 11th and 14th amendments."

{¶28} "[5.] The trial court erred in its judgment, which flies in the face of the spirit of the First Amendment; and which presents as a violation of the public trust. The court's decision should therefore be overruled. U.S. Const. amend. I."

**{¶29}** "[6.] The trial court's Order was an unreasonable, arbitrary, and unconscionable limitation of an officer of the law, by and through the conversion of this custodial determination and the American Bar; against the interests of a reasonable and prudent custodial determination, and of a more just world."

**{¶30}** There are several overarching factors that impact our ruling on appellant's assignments of error.

**Appellant's pro se appeal:**

**{¶31}** While a court may grant a pro se litigant a certain degree of latitude, a "'court cannot simply disregard the rules in order to accommodate a party who fails to obtain counsel.'" *Henderson v. Henderson*, 2013-Ohio-2820, ¶ 22 (11th Dist.), quoting *Goodrich v. Ohio Unemp. Comp. Rev. Comm.*, 2012-Ohio-467, ¶ 25 (10th Dist.). "[A] pro se litigant is held to the same standard as other litigants and is not entitled to special treatment from the court." *Metzenbaum v. Gates*, 2004-Ohio-2924, ¶ 7 (11th Dist.).

**{¶32}** Appellant's appeal will be held to the same standard as other litigants. Because of this, we cannot overlook the numerous deficiencies in her brief, nor can we overlook the procedural barriers to substantive review of her assignments of error discussed below.

**Appellant's compliance with App.R. 12:**

**{¶33}** App.R. 12(A)(2) provides that an appellate court "may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16."

8

{¶34} App.R. 16(A)(7) provides that an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶35} Accordingly, this court may disregard an assignment of error that fails to comply with App.R. 12(A) or App.R. 16(A)(7). *Village South Russell v. Upchurch*, 2003-Ohio-2099, ¶ 9 (11th Dist.).

{¶36} Appellant's assigned errors are separately argued as required under App.R. 16. However, each of appellant's assignments of error are disjointed, difficult to follow, and express conspiratorial, rather than legal or factual, arguments. Appellant has signed her brief as an "INTERNATIONAL SUPERAGENT" and has identified herself as an Interpol officer. Her assignments of error argue the case against her is an "illegal Sorensen dynamic" amounting to torture in violation of 18 U.S.C. § 2340-2340A. She claims that the trial court's restraining order undermines appellant's role in international security and have "objectively undermined the stability of the global, sociopolitical landscape, for the sake of the aggrandizement of allegedly malfeasant actors."[1]

{¶37} The effect of this is that her brief fails to direct the court to any portion of the record relevant for review of her case as required by App.R. 12. For this reason, all of her assignments of error are without merit.

{¶38} However, to the extent that we are able, we also pass judgment on the substantive legal and procedural issues raised in appellant's brief.

---

1. Appellant did not appeal the trial court's imposition of the restraining order. Any argument pertaining to the order itself, rather than the trial court's judgment on the show cause motion, is not before this Court.

Case No. 2024-G-0007

**Appellant's failure to object to magistrate's decision:**

{¶39} This case involves the trial court's adoption of a magistrate's decision pursuant to Civ.R. 53. Failure to assert an objection to a magistrate's decision waives the issue on appeal. *In re Marriage of Beynenson*, 2013-Ohio-341, ¶ 39 (11th Dist.), citing Civ.R. 53(D)(3)(b)(iv).

{¶40} "A party's failure to file objections to a magistrate's decision has consequences." *State ex rel. Franks v. Ohio Adult Parole Authority*, 2020-Ohio-711, ¶ 9 "'Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law . . ., unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).'" *Id.*, quoting Civ.R. 53(D)(3)(b)(iv). "Thus, in a civil case before a trial court, when a party fails to file objections to a magistrate's decision, that party waives the right to later assign as error on appeal the court's adoption of any of the magistrate's findings and conclusions." *Id.*

{¶41} When applying the plain error doctrine in a civil case, "reviewing courts must proceed with the utmost caution, limiting the doctrine strictly to those extremely rare cases where exceptional circumstances require its application to prevent a manifest miscarriage of justice, and where the error complained of, if left uncorrected, would have a material adverse effect on the character of, and public confidence in, judicial proceedings." *Goldfuss v. Davidson,* 79 Ohio St.3d 116, 121 (1997).

{¶42} Appellant did not file an objection to the magistrate's decision. Moreover, she has not raised a plain error argument on appeal. Because of this, she has waived the arguments asserted under her third, fourth, fifth, and sixth assignments of error.

Case No. 2024-G-0007

**Appellant's duty to provide transcript:**

{¶43} Appellant has not provided a transcript of the December 4, 2023 show cause hearing regarding her contempt.

{¶44} In assessing a proceeding for possible error, appellate courts are limited to a review of the record. *State v. Dudas*, 2008-Ohio-3261, ¶ 16 (11th Dist.). App.R. 9(A)(1) provides that "the record" on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court . . .."

{¶45} The Rules of Appellate Procedure detail the process required to provide us with a complete, useful record. Under App.R. 10(B), the trial court's clerk has the duty to transmit the record on appeal to the appellate court. But, the clerk can only send us what is physically part of his or her records. So, App.R. 9(B) requires the appellant to order any transcripts of proceedings in writing and file them with the clerk of the trial court so the trial court clerk can send them to us as part of the record of the case. The rule also places on the appellant the duty to "ensure that the proceedings the appellant considers necessary for inclusion in the record, however those proceedings were recorded, are transcribed in a form that meets the specifications of App.R. 9(B)(6)." App.R. 10(A) requires the appellant to "comply with the provisions of App.R. 9(B) and [to] take any other action reasonably necessary to enable the clerk to assemble and transmit the record."

{¶46} "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower

Case No. 2024-G-0007

court's proceedings and affirm." *Knapp v. Edwards Lab'ys*, 61 Ohio St. 2d 197, 199 (1980).

{¶47} *Knapp's* presumption of "validity" means is that the results of those proceedings are correct and binding. *See Holman v. Wiser*, 2023-Ohio-4095, ¶ 49 (11th Dist.). That presumption is rebuttable. *See Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 16 (2023) (Jackson, J. concurring). The record that is submitted on appeal, whatever it might contain, may be used to rebut the presumption.

{¶48} Appellate courts can also evaluate the legal conclusions reached by a trial court based upon the trial court's factual findings even absent a transcript. *Fifth Third Mtge. Co. v. Berman,* 2019-Ohio-1068, ¶ 16 (10th Dist.).

{¶49} The judgment from which appellant filed her notice of appeal was a finding of contempt. The trial court held a show cause hearing on that issue and received testimony. The magistrate issued findings of fact and conclusions of law. However, appellant has not identified how those findings of fact and conclusions of law are incorrect. Nor has appellant identified how the trial court erred in adopting those findings of fact and conclusions of law. Without the benefit of the transcript of that hearing, we have nothing to pass judgment upon. *See Knapp* at 199.

**Service of appeal and duty to cause timely transmission of record on appeal:**

{¶50} Appellant argues in her first assignment of error that the trial court erred in failing to timely transmit the record on appeal. In her second assignment of error, she apparently argues that her notice of appeal was improperly served, resulting in a violation of due process.

Case No. 2024-G-0007

**{¶51}** Appellant's first assignment of error, in which she argues that she suffered a due process violation because the trial court failed to transmit the record on appeal within the timeframe provided, is without merit. App.R. 11(B) imposes a duty on the clerk to file the record and to give notice to all parties of the date on which the record was filed. App.R. 11(C) provides that an appeal may be dismissed if the appellant fails to make reasonable arrangements to timely transmit the record.

**{¶52}** Loc.R. 10(C) provides that it is appellant's responsibility to file the transcript of proceedings "and/or requesting timely extensions for the record." Where an appellee seeks dismissal for an untimely filed record under App.R. 9(B), the court may consider whether any prejudice or undue delay resulted. *Younkman v. Riebel*, 1982 WL 4205, *1 (10th Dist. May 27, 1982).

**{¶53}** We issued a scheduling order on March 1, 2024, stating that the record on appeal shall be filed by March 25, 2024. On March 26, 2024, the clerk of the Geauga County Common Pleas Court certified the record and filed it in this matter. While the record was indeed filed one day late, this delay did not prejudice the parties or cause any undue delay in the appeal. It is certainly not a basis to reverse the trial court's judgment.

**{¶54}** Finally, appellant's second assignment of error is without merit. The docket reflects that appellant's notice of appeal was sent via regular mail to the addresses appellant listed in her instructions for service. All parties to the appeal filed briefs and were fully involved in the case.

{¶55} For the foregoing reasons, the judgment of the Geauga County Court of Common Pleas is affirmed.


EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

Case No. 2024-G-0007