[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Romine v. McIntosh*, Slip Opinion No. 2020-Ohio-6826.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-6826

THE STATE EX REL. ROMINE, APPELLANT, *v.* MCINTOSH, JUDGE, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Romine v. McIntosh*, Slip Opinion No. 2020-Ohio-6826.]

*Criminal law—Sentencing—Allied offenses of similar import—Void and voidable sentences—Imposition of two sentences for allied offenses prior to merger is a violation of R.C. 2941.25(A)—Imposition of compound sentences for allied offenses is an error in the exercise of jurisdiction, to be challenged at sentencing and remedied on direct appeal.*

(No. 2020-0369—Submitted August 4, 2020—Decided December 23, 2020.)

APPEAL from the Court of Appeals for Franklin County, No. 19AP-439.

_____

**Per Curiam.**

{¶ 1} Appellant, Nelson L. Romine Jr., appeals the decision of the Tenth District Court of Appeals dismissing his complaint for a writ of mandamus or a writ of prohibition against Judge Stephen McIntosh of the Franklin County Court of

Common Pleas. For the reasons below, we affirm the judgment of the court of appeals.

**Background**

{¶ 2} Romine was the subject of two indictments arising out of the death of A. Kenneth Jackson and the kidnapping and aggravated robbery of William Farmer. In the first indictment, which became case No. 09CR-4171, he was charged with one count of aggravated murder and one count of kidnapping, each with a firearm specification, plus a felony charge of improperly handling a firearm in a motor vehicle. In the second indictment, which became case No. 09CR-7222, he was charged with one count of aggravated murder and one count of aggravated robbery, each with a firearm specification. On December 23, 2009, a jury found Romine guilty of all counts in both cases.

{¶ 3} In case No. 09CR-4171, Judge McIntosh sentenced Romine to 25 years to life for aggravated murder, 5 years for kidnapping, and 18 months for the firearm felony, plus 3 years each for the two firearm specifications. *State v. Romine*, 2010 Ohio Misc. LEXIS 6848. Judge McIntosh ordered the aggravated-murder and kidnapping sentences to be served consecutively but the sentence for the firearm felony to run concurrently, for a minimum term of 33 years. *Id*. In case No. 09CR-7222, Judge McIntosh sentenced Romine to 15 years to life for murder,[1] 10 years for aggravated robbery, plus 3 years each for the two firearm specifications, for an aggregate minimum of 18 years. *State v. Romine*, 2010 Ohio Misc. LEXIS 9733. Judge McIntosh then merged the aggravated-murder count in case No. 09CR-4171 with the murder count in case No. 09CR-7222 and imposed an aggregate prison sentence of 36 years to life. *Id*.

---

1. Although the indictment in case No. 09CR-7222 charged Romine with *aggravated* murder, the trial court imposed sentence on "Count One of the indictment, to wit, Murder." Romine alleges that the jury found him not guilty of aggravated murder but guilty of the lesser-included offense of murder, but that fact, if true, is not reflected in the sentencing entry.

{¶ 4} On July 11, 2019, Romine filed an original action in the Tenth District Court of Appeals seeking a writ of mandamus or a writ of prohibition against Judge McIntosh. Romine alleged that Judge McIntosh had improperly sentenced him twice, for murder and aggravated murder, in connection with the death of a single person. Romine demanded extraordinary relief compelling Judge McIntosh to vacate or correct what Romine deemed to be void sentences.

{¶ 5} A Tenth District magistrate recommended that the court of appeals dismiss Romine's complaint. The magistrate rejected Romine's contention that he had been sentenced to serve two separate life sentences for killing the same victim. Instead, the magistrate reasoned that because the sentences were merged, although there were two convictions, there was only one sentence. The magistrate viewed Romine's claims as a sentencing error that he could have raised on direct appeal from his convictions.

{¶ 6} Romine did not file objections to the magistrate's decision. The court of appeals adopted the magistrate's recommendation to dismiss the complaint, but it modified the magistrate's conclusions law. 10th Dist. Franklin No. 19AP-439. Specifically, the court of appeals agreed that Romine could have raised the sentencing error on direct appeal and that mandamus was therefore not available, but the court pointed out that "contrary to the magistrate's finding, the trial court did impose a separate prison sentence both for murder and aggravated murder." *Id.* at ¶ 4. Citing *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, *overruled in part on other grounds*, *State v. Henderson*, ___ Ohio St.3d ___, 2020-Ohio-4784, ___ N.E.3d ___, the court of appeals held that Judge McIntosh erred by merging the two murder counts *after* imposing sentence, and the court suggested that as a result, the sentences were void. 10th Dist. Franklin No. 19AP-439 at ¶ 5-6. "Nevertheless," the court concluded, "because [Romine] could have challenged his convictions in a direct appeal, [he] had an adequate remedy at law." *Id.* at ¶ 6. Romine appealed.

## Legal analysis

### A. Standard of review

{¶ 7} For a court to dismiss a complaint pursuant to Civ.R. 12(B)(6), it must appear beyond doubt that the relator can prove no set of facts warranting relief, after all of the factual allegations in the complaint are presumed to be true and all reasonable inferences are made in the relator's favor. *State ex rel. Natl. Elec. Contrs. Assn., Ohio Conference v. Ohio Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998). We review a dismissal under Civ.R. 12(B)(6) de novo. *State ex rel. Brown v. Nusbaum*, 152 Ohio St.3d 284, 2017-Ohio-9141, 95 N.E.3d 365, ¶ 10.

### B. Prohibition

{¶ 8} Romine's complaint sought relief in both mandamus and prohibition. To state a claim for a writ of prohibition, Romine had to allege the exercise of judicial power, the lack of authority for the exercise of that power, and the lack of an adequate remedy in the ordinary course of law. *See State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. However, if the absence of jurisdiction is patent and unambiguous, a relator in prohibition need not establish the lack of an adequate remedy at law. *State ex rel. Sapp v. Franklin Cty. Court of Appeals*, 118 Ohio St.3d 368, 2008-Ohio-2637, 889 N.E.2d 500, ¶ 15.

{¶ 9} The magistrate recommended denying Romine's request for a writ of prohibition, because she concluded that the trial court had statutory authority to merge the convictions and that Romine had had an adequate remedy by way of appeal. Romine did not file objections. He has therefore waived any argument with respect to the prohibition claim. *State ex rel. Franks v. Ohio Adult Parole Auth.*, 159 Ohio St.3d 435, 2020-Ohio-711, 151 N.E.3d 606, ¶ 10.

*C. Mandamus*

{¶ 10} To state a claim for a writ of mandamus, the relator must allege (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *See State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. Here again, the magistrate determined that Romine had an adequate remedy, so as to foreclose extraordinary relief, and Romine did not file objections. But the court modified the magistrate's conclusion of law: in dicta, the court agreed with Romine that the imposition of multiple sentences for allied offenses rendered his sentences void. The court agreed with the magistrate, however, that Romine could not satisfy the elements of mandamus because he had an adequate remedy by way of appeal.

{¶ 11} Romine argues that the court of appeals' finding that his sentences are void compels a reversal: by definition, if the sentences are void, he may collaterally attack them at any time, and therefore the availability of an appeal should not bar the mandamus action.

{¶ 12} Romine's ability to collaterally attack his sentences depends on whether the sentences were void or merely voidable. If a judgment entry is voidable, then it must be challenged on direct appeal, or else principles of res judicata will apply, whereas a "defendant's ability to challenge an entry at any time is the very essence of an entry being void, not voidable." *State v. Harper*, ___ Ohio St.3d ___, 2020-Ohio-2913, ___ N.E.3d ___, ¶ 18.

{¶ 13} As a general rule, "when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata." *Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, at ¶ 26. However, once the trial court determines that the offender has

been found guilty of allied offenses of similar import that are subject to merger, R.C. 2941.25 prohibits the imposition of multiple sentences. *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 17. And in *Williams*, we held that because a trial court has a mandatory duty to merge allied offenses by imposing a single sentence, "the imposition of separate sentences for those offenses—even if imposed concurrently—is contrary to law * * *." *Id*. at ¶ 28. After holding that the sentences in *Williams* were imposed in violation of R.C. 2941.25(A), we concluded that therefore, "those sentences [were] *void*." (Emphasis added.) *Williams* at ¶ 28, *overruled*, *Henderson*, ___ Ohio St.3d ___, 2020-Ohio-4784, ___ N.E.3d ___.

{¶ 14} The court of appeals relied on *Williams* when it declared Romine's sentence void. In this case, Judge McIntosh found that the two counts were allied offenses and merged them, but he did so only *after* imposing two sentences. If imposing two sentences for allied offenses but running them concurrently is a violation of R.C. 2941.25(A), then imposing two sentences prior to merger is equally a violation: in both scenarios, the defendant actually received two separate sentences, even though he will not have to serve both. Thus, under *Williams*, Romine would have been permitted to challenge his sentence in a collateral proceeding.

{¶ 15} However, that aspect of *Williams* is no longer good law. Instead, "when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the judgment voidable, not void." *Harper*, ___ Ohio St.3d ___, 2020-Ohio-2913, ___ N.E.3d ___, at ¶ 26; *see also Henderson* at ¶ 27. The imposition of compound sentences for allied offenses is an error in the exercise of jurisdiction, to be challenged at sentencing and remedied on direct appeal.

{¶ 16} Romine contends that the trial court imposed multiple sentences for offenses it deemed to be subject to merger under the allied-offenses statute. Such a claim raises a constitutional challenge that the court has imposed greater

punishment than the legislature authorized. *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 16; *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 31. And as we recently held in *State v. Patrick*, R.C. 2953.08(D)(3) does not preclude an appellate court's review of a constitutional challenge to a sentence for murder or aggravated murder. ___ Ohio St.3d ___, 2020-Ohio-6803, ___ N.E.3d ___, ¶ 22. Therefore, because Romine's sentencing entry was voidable and he therefore had an adequate remedy by way of direct appeal, mandamus will not lie.

{¶ 17} For these reasons, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Nelson L. Romine Jr., pro se.

Ron O'Brien, Franklin County Prosecuting Attorney, and Bryan B. Lee, Assistant Prosecuting Attorney, for appellee.

_____