[Cite as *State v. Brooks*, 2021-Ohio-2427.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 29004 |
| | : | |
| v. | : | Trial Court Case No. 2009-CR-593 |
| | : | |
| FREDERICK BROOKS | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 16th day of July, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by J. JOSHUA RIZZO, Atty. Reg. No. 0099218, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

FREDERICK BROOKS, Inmate No. A618-389, Pickaway Correctional Institution, P.O. Box 209, Orient, Ohio 43143
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-appellant, Frederick Brooks, appeals pro se from the judgment of the Montgomery County Court of Common Pleas denying his Motion to Correct Conviction. For the reasons outlined below, the judgment of the trial court will be affirmed.

**Facts and Course of Proceedings**

{¶ 2} On November 20, 2009, a jury found Brooks guilty of one count of aggravated robbery (deadly weapon) in violation of R.C. 2911.01(A)(1), one count of aggravated robbery (serious harm) in violation of R.C. 2911.01(A)(3), one count of felonious assault (serious harm) in violation of R.C. 2903.11(A)(1), one count of felonious assault (deadly weapon) in violation of R.C. 2903.11(A)(2), and one count of having weapons while under disability (prior drug conviction) in violation of R.C. 2923.13(A)(3). Brooks was also found guilty of four firearm specifications that were attached to the aggravated robbery and felonious assault counts.

{¶ 3} At sentencing, the trial court imposed ten years in prison for each of the two aggravated robbery counts, eight years in prison for each of the two felonious assault counts, and four years in prison for having weapons while under disability. The trial court ordered the sentences for aggravated robbery to run concurrently with each other and concurrently with one of the sentences for felonious assault and the sentence for having weapons while under disability. The second sentence for felonious assault was ordered to run consecutively to the other sentences. The trial court also imposed three years in prison for each of the four firearm specifications and ordered those sentences to run concurrently with each other and consecutively and prior to the definite term of

imprisonment, for a total sentence of 21 years.

{¶ 4} Brooks appealed from his conviction. In support of his appeal, Brooks argued that his conviction was against the manifest weight of the evidence because the evidence established that he committed the offenses in question while acting in self-defense. Brooks also argued that the trial court erred by failing to merge the two counts of felonious assault as allied offenses of similar import. Upon review, we determined that Brooks's conviction was not against the manifest weight of the evidence. We did, however, find that the felonious assault counts were allied offenses that should have been merged at sentencing. Therefore, we reversed Brooks's sentences for felonious assault and remanded the matter to the trial court for purposes of merging the felonious assault counts and resentencing Brooks accordingly. *See State v. Brooks*, 2d Dist. Montgomery No. 23784, 2010-Ohio-5886.

{¶ 5} On December 22, 2010, the trial court resentenced Brooks. In doing so, the trial court merged the felonious assault counts and their attendant firearm specifications. Following the merger, the trial court once again imposed a total, aggregate sentence of 21 years in prison.

{¶ 6} Over the next ten years, Brooks filed multiple pro se motions with the trial court, including a Motion to Correct Conviction[1] filed on November 18, 2020. In that motion, Brooks challenged his conviction for having weapons while under disability on grounds that it was based on a nonexistent felony drug conviction. Brooks also briefly argued that his two counts of aggravated robbery were allied offenses of similar import

---

[1] The full caption of Brooks's motion is titled "Motion to Correct a Conviction that was not in Accordance with Statutory Authority (Evidentiary Hearing Requested) Conviction Contrary to Law."

that the trial court should have merged at sentencing. On December 29, 2020, the trial court issued a decision denying Brooks's motion on grounds that the claims asserted therein were barred by the doctrine of res judicata. Brooks now appeals from that decision, raising two assignments of error for review.

## First and Second Assignments of Error

{¶ 7} Under his first assignment of error, Brooks claims to be challenging his sentence, but actually raises a sufficiency of the evidence argument concerning his conviction for having weapons while under disability under R.C. 2923.13(A)(3). Specifically, Brooks argues that the State failed to establish that he had a prior felony drug conviction, which is required for a violation of R.C. 2923.13(A)(3). Under his second assignment of error, Brooks contends that his two counts of aggravated robbery were allied offenses of similar import that the trial court should have merged at sentencing. Upon review, we find that both of Brooks's arguments are barred by the doctrine of res judicata.

{¶ 8} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Therefore, "any issue that could have been raised on direct appeal," but was not, is "not subject to review in subsequent proceedings." *State v. Saxon*, 109 Ohio St.3d 176,

2006-Ohio-1245, 846 N.E.2d 824, ¶ 16, citing *State v. Hutton*, 100 Ohio St.3d 176, 2003-Ohio-5607, 797 N.E.2d 948, ¶ 37 and *State v. D'Ambrosio*, 73 Ohio St.3d 141, 143, 652 N.E.2d 710 (1995).

{¶ 9} Whether the evidence was sufficient to convict Brooks of having weapons while under disability is an issue that could have been raised during Brooks's direct appeal. Brooks did not raise that issue on direct appeal; therefore, his attempt to do so now is barred by the doctrine of res judicata. *See State v. Florence*, 2d Dist. Montgomery No. 28674, 2021-Ohio-867, ¶ 37; *State v. Walls*, 2d Dist. Miami No. 99-CA-9, 1999 WL 957825, *1 (Aug. 20, 1999). The same holds true for Brooks's allied offense claim. *See Florence* at ¶ 35. We note that the Supreme Court of Ohio has held that "[t]he imposition of compound sentences for allied offenses is an error in the exercise of jurisdiction, to be challenged at sentencing *and remedied on direct appeal*." (Emphasis added.) *State v. State ex rel. Romine v. McIntosh*, 162 Ohio St.3d 501, 2020-Ohio-6826, 165 N.E.3d 1262, ¶ 15. Therefore, because Brooks did not raise the aggravated robbery allied offense claim in his direct appeal, res judicata bars him from doing so now.

{¶ 10} Because all of Brooks's claims are barred by res judicata, his first and second assignments of error are overruled.


**Conclusion**

{¶ 11} Having overruled both of Brooks's assignments of error, the judgment of the trial court denying Brooks's Motion to Correct Conviction is affirmed.

. . . . . . . . . . . . .

TUCKER, P.J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
J. Joshua Rizzo
Frederick Brooks
Hon. Mary Lynn Wiseman