[Cite as *State v. Like*, 2021-Ohio-2696.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28968 |
| | : | |
| v. | : | Trial Court Case No. 2006-CR-1531 |
| | : | |
| ROBERT G. LIKE | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of August, 2021.

. . . . . . . . . . .

MATHIAS H. HECK, JR., by HEATHER N. KETTER, Atty. Reg. No. 0084470, Assistant Prosecuting Attorney, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ROBERT G. LIKE, Inmate No. 539-332, Marion Correctional Institution, P.O. Box 57, Marion, Ohio 43301
        Defendant-Appellant, Pro Se

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Robert G. Like appeals from a judgment of the trial court denying his motion to correct his sentence. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} In 2006, Like was identified as the suspect in the shooting death of William Sampson. He was subsequently indicted for the following offenses: Count 1, aggravated murder (prior calculation); Count 2, aggravated murder (proximate result of aggravated robbery); Count 3, aggravated robbery (deadly weapon); Count 4, tampering with evidence; Count 5, tampering with evidence; Count 6, aggravated murder (proximate result of kidnapping); and, Count 7, kidnapping. The aggravated murder counts and the aggravated robbery count each carried a three-year firearm specification. Following a jury trial, Like was found guilty of all charges and their attendant specifications.

{¶ 3} The trial court sentenced Like to life sentences on Counts 1, 2 and 6, which were merged, to ten year sentences on Counts 3 and 7, which were also merged, and to five years each on Counts 4 and 5. The sentences on Counts 4 and 5 were to be served concurrently with each other but consecutively to the sentences imposed on the other counts. After merging some of the specifications, the trial court imposed two additional three-year terms of actual incarceration on the firearm specifications, to be served consecutively to the other sentences. The aggregate sentence was life plus 21 years.

{¶ 4} Like appealed, raising arguments concerning the sufficiency of the evidence and errors in sentencing. *See State v. Like*, 2d Dist. Montgomery No. 21991, 2008-Ohio-1873. In our review, we determined that the State had not presented evidence sufficient to sustain the convictions for kidnapping and tampering with evidence, and thus vacated

those convictions. *Id.* at ¶ 27. We therefore also vacated the conviction for aggravated murder as a proximate result of kidnapping. *Id.* We further concluded that the trial court should have merged all of the firearm specifications for purposes of sentencing. *Id.* at ¶ 41. In our holding, we stated, "[v]acating these convictions will shorten Like's sentence by five years, the concurrent terms imposed for each count of tampering with evidence. The judgment will also be modified to reflect the merger of all the gun specifications. This modification will shorten the sentence by three years." *Id.* at ¶ 43. Thus, we reduced Like's definite sentence by a period of eight years from 21 years to 13 years. The Supreme Court did not accept Like's appeal of our judgment. *See State v. Like*, 119 Ohio St.3d 1449, 2008-Ohio-4487, 893 N.E.2d 518 (Table).

{¶ 5} In 2019, Like filed a motion in the trial court seeking to vacate his sentence. In the motion, Like argued that his sentence was void because it did not provide for parole eligibility. The trial court overruled the motion and no appeal was taken.

{¶ 6} In June 2020, Like filed a motion to correct his sentence. Of relevance hereto, he asserted that the trial court had erred when it imposed life sentences on all the convictions for aggravated murder, then merged the sentences. Like argues he was thus "prejudiced by having more convictions than are authorized by law." Motion to Correct Sentence, p. 6 (June 17, 2020). The trial court overruled the motion, finding that Like's arguments were barred by the doctrine of res judicata.

{¶ 7} Like appeals.

## II. Analysis

{¶ 8} Like asserts the following as his sole assignment of error:

A TRIAL COURT'S JURISDICTION OVER A CRIMINAL CASE IS LIMITED TO THE ENFORCEMENT AND EXECUTION OF LAWS SET FORTH BY THE OHIO LEGISLATURE, ONE OF WHICH BEING THE CODIFICATION OF THE FIFTH AMENDMENT PROTECTIONS AND PROHIBITIONS ARTICULATED IN AND UNDER: O.R.C. SECTION 2941.25(A).

{¶ 9} Like contends that the trial court violated R.C. 2941.25(A) when it imposed separate life sentences on each conviction for aggravated murder prior to merging the sentences, despite finding the convictions involved allied offenses. He also claims that the court made the same error when it imposed a 10-year sentence on his conviction for aggravated robbery and a ten-year sentence on his conviction for kidnapping prior to merging the two sentences. And, he asserts the same argument with regard to the sentences for the firearm specifications. Like further contends the trial court erred with regard to notifications regarding post-release control. Like contends his sentences are void and unconstitutional because of the errors cited above. Thus, he asserts these errors may be collaterally attacked even though they were not raised on direct appeal.

{¶ 10} We first note that our prior opinion and judgment cured the defects of which Like complains with regard to both the firearm specifications and the merger of the aggravated robbery and kidnapping convictions. Therefore, his arguments related to these issues are moot.

{¶ 11} More importantly, we agree with the trial court that all of Like's arguments regarding his sentence were barred by the doctrine of res judicata, which "serves to preclude a defendant who has had his day in court from seeking a second trial on that

same issue. In doing so, res judicata promotes the principles of finality and judicial economy, by preventing endless litigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *State v. Sexton*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18. Further, "res judicata bars not only * * * claims that were previously raised, but also 'any issue that could have been raised on direct appeal.' " *State v. Perkins*, 2d Dist. Montgomery Nos. 26788, 26797, 26804, 2016-Ohio-4581, ¶ 8, quoting *Sexton* at ¶ 16.

{¶ 12} In arguing that his sentence is void, Like correctly notes that R.C. 2941.25 prohibits the imposition of multiple sentences for allied offenses of similar import that are subject to merger. Further, he correctly observes that the Ohio Supreme Court has previously held that either the imposition of two sentences for allied offenses but running them concurrently or the imposition of two sentences prior to merger is a violation of R.C. 2941.25(A), which renders the sentences void and subject to collateral attack. *See State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 28, *overruled in part on other grounds*, *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776; *State ex rel. Romine v. McIntosh*, 162 Ohio St.3d 501, 2020-Ohio-6826, 165 N.E.3d 1262, ¶ 14.

{¶ 13} However, the Ohio Supreme Court has also stated that, "when a specific action is within a court's subject-matter jurisdiction, any error in the exercise of that jurisdiction renders the judgment voidable, not void." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 26 (addressing the improper imposition of postrelease control); *Henderson* at ¶ 27. "Sentences based on an error are voidable, if the court imposing the sentence has jurisdiction over the case and the defendant,

including sentences in which a trial court fails to impose a statutorily mandated term." *Henderson* at ¶ 27. Thus, "[t]he imposition of compound sentences for allied offenses is an error in the exercise of jurisdiction [which must] be challenged at sentencing and remedied on direct appeal." *McIntosh* at ¶15.

{¶ 14} Based upon these recent rulings, any allied-offense sentencing error would have rendered Like's sentence voidable, not void. Thus, res judicata precludes him from raising an allied-offense issue in post-conviction proceedings.

{¶ 15} The sole assignment of error is overruled.

### III. Conclusion

{¶ 16} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and EPLEY, J., concur.

Copies sent to:

Mathias H. Heck, Jr.
Heather N. Ketter
Robert G. Like
Hon. Mary Lynn Wiseman