[Cite as *State v. Lentz*, 2022-Ohio-4737.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2022-CA-10 |
| | : | |
| v. | : | Trial Court Case No. 01CR69A |
| | : | |
| STEVEN L. LENTZ | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on December 29, 2022

. . . . . . . . . . .

MATTHEW C. JOSEPH, Attorney for Appellee

ALANA VAN GUNDY, Attorney for Appellant

. . . . . . . . . . . . .

TUCKER, P.J.

{¶ 1} Defendant-appellant Steven L. Lentz appeals from a nunc pro tunc entry issued by the trial court correcting its judgment entry to reflect that Lentz was subject to mandatory post-release control.   For the reasons set forth below, we affirm.

## I.      Facts and Procedural Background

{¶ 2} In 2001, Lentz was indicted on three counts of forcible rape of a child under 13 years of age.   He entered a plea of no contest to two of the counts.   Following an agreed sentencing recommendation by the parties, the trial court sentenced Lentz to two 10-year prison terms to run consecutively.   Lentz appealed.   We affirmed his convictions.   *State v. Lentz*, 2d Dist. Miami No. 2001-CA-31, 2003-Ohio-911.

{¶ 3} In 2006, Lentz filed a motion seeking to modify his sentence.   The trial court denied the motion, and no appeal was taken.   In June 2009, the trial court entered a nunc pro tunc entry which modified the original judgment entry to reflect that Lentz had been notified that he was subject to five years of mandatory post-release control.   Lentz was released from prison in February 2022.   In April 2022, Lentz filed a motion for delayed appeal, which we granted.

## II.     Sentencing

{¶ 4} Lentz asserts the following as his first assignment of error:

THE COURT FAILED TO INCLUDE THE PROPER LANGUAGE FOR POST RELEASE CONTROL IN THE ORIGINAL SENTENCING ENTRY RENDERING IT VOIDABLE AND SUBJECT TO RES JUDICATA.

{¶ 5} Lentz contends the trial court failed to properly impose post-release control in its original entry and was not permitted to do so via a nunc pro tunc entry after he had completed his prison sentence.

{¶ 6} As stated in *State v. Greulich*, 61 Ohio App.3d 22, 572 N.E.2d 132 (9th Dist.1988):

A nunc pro tunc order may be issued by a trial court, as an exercise of its inherent power, to make its record speak the truth. It is used to record that which the trial court did, but which has not been recorded. It is an order issued now, which has the same legal force and effect as if it had been issued at an earlier time, when it ought to have been issued. Thus, the office of a nunc pro tunc order is limited to memorializing what the trial court actually did at an earlier point in time. *State, ex rel. Phillips, v. Indus. Comm.*, 116 Ohio St. 261, 155 N.E. 798 (1927). It can be used to supply information which existed but was not recorded, to correct mathematical calculations, and to correct typographical or clerical errors. *Jacks v. Adamson*, 56 Ohio St. 397, 47 N.E. 48 (1897).

A nunc pro tunc order cannot be used to supply omitted action, or to indicate what the court might or should have decided, or what the trial court intended to decide. Its proper use is limited to what the trial court actually did decide. *Webb v. Western Reserve Bond & Share Co.*, 115 Ohio St. 247, 153 N.E. 289 (1926). That, of course, may include the addition of matters omitted from the record by inadvertence or mistake of action taken.

*See* Black's Law Dictionary (5 Ed. 1979) 964. Therefore, a nunc pro tunc order is a vehicle used to correct an order previously issued which fails to reflect the trial court's true action.

*Id.* at 24-25.

**{¶ 7}** A nunc pro tunc entry "by its very nature applies retrospectively to the judgment it corrects." *In the Matter of H.S.*, 2017-Ohio-457, 84 N.E.3d 127, ¶ 49 (4th Dist.). "Because a proper nunc pro tunc entry does not affect substantive rights but merely corrects a clerical or mechanical error, a proper nunc pro tunc entry does not give rise to a new final order for purposes of appeal." *Id.*, citing *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, syllabus ("A nunc pro tunc judgment entry issued for the sole purpose of complying with Crim.R. 32(C) to correct a clerical omission in a final judgment entry is not a new final order from which a new appeal may be taken"). *Id.*

**{¶ 8}** In *State ex rel. Randlett v. Lynch*, Ohio Slip Opinion No. 2022-Ohio-3260, __N.E.3d __, the Supreme Court of Ohio addressed the issue raised in this appeal. In that case, a month before the defendant was to be released from prison, the trial judge "issued nunc pro tunc entries correcting some of Randlett's sentencing entries to include references to the imposition of a mandatory five-year term of postrelease control." *Id.* at ¶ 1. The court upheld the issuance of the nunc pro tunc entries, noting that "when a trial court properly notifies a defendant about postrelease control at the sentencing hearing but fails to incorporate those advisements into the sentencing entry, it may correct the omission as a clerical mistake under Crim.R. 36, to reflect the notice that was in fact given

at the hearing." *Id.* at ¶ 15, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 24, 30. The court stated that the entries merely related back to the original sentencing order "so that the record speaks the truth." (Citations omitted.) *Id.* at ¶ 16. The court concluded that "Crim.R. 36 authorize[s] [trial courts] to issue corrected sentencing entries that reflect the postrelease-control term the trial court actually imposed." *Id.*

{¶ 9} The record before us clearly demonstrates that the trial court did, with specificity, notify Lentz concerning the applicable post-release control requirements. Lentz acknowledged that he understood the court's explanation. He also signed plea forms indicating that he was aware he would be subject to post-release control. The nunc pro tunc entry was issued well before Lentz had completed his sentence. Based upon the holding in *Randlett*, we conclude that the trial court did not err in this case.

{¶ 10} Accordingly, the first assignment of error is overruled.

### III.     Certificate of Service

{¶ 11} Lentz's second assignment of error states:

THE COURT FAILED TO INCLUDE A CERTIFICATE OF SERVICE AND DID NOT SERVE THE DEFENDANT OR HIS ATTORNEY WITH THE NUNC PRO TUNC ENTRY.

{¶ 12} Lentz claims the nunc pro tunc order was void because he did not receive it at the time it was filed.

{¶ 13} Lentz correctly notes that the nunc pro tunc order does not include a

certificate of service, and perhaps he was not notified of the order at the time of its filing. Certainly, the better practice would have been to serve Lentz with the nunc pro tunc order, but any failure to do so did not render the order void or otherwise effect its validity. And because Lentz has had an opportunity to litigate his objection to the nunc pro tunc order, he has not been prejudiced by any delay in his receipt of the order.

{¶ 14} The second assignment of error is overruled.


## IV.    Conclusion

{¶ 15} Both of Lentz's assignments of error being overruled, the judgment of the trial court is affirmed.


. . . . . . . . . . . .


DONOVAN, J. and LEWIS, J., concur.