[Cite as *State v. Like*, 2023-Ohio-2970.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29731 |
| | : | |
| v. | : | Trial Court Case No. 2006 CR 01531 |
| | : | |
| ROBERT G. LIKE | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on August 25, 2023

. . . . . . . . . . .

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

ROBERT G. LIKE, Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Robert G. Like appeals from a judgment of the Montgomery County Court of Common Pleas. The judgment denied Like's motion for appointed counsel, which the court treated as a motion for postconviction relief. For the reasons set forth below, we affirm.

## I. Facts and Procedural History

**{¶ 2}** In 2006, Like was indicted for aggravated murder (prior calculation); aggravated murder (proximate result of aggravated robbery); aggravated robbery (deadly weapon); two counts of tampering with evidence; aggravated murder (proximate result of kidnapping); and kidnapping. The aggravated robbery count and the aggravated murder counts carried three-year firearm specifications. A jury found Like guilty of all counts and specifications. After merger of some of the offenses, the trial court imposed an aggregate prison sentence of life plus 21 years.

**{¶ 3}** Like filed a timely appeal in which he argued that the convictions had not been supported by sufficient evidence and that the trial court had erred in sentencing. *State v. Like*, 2d Dist. Montgomery No. 21991, 2008-Ohio-1873. We concluded that the State had not presented evidence sufficient to sustain the convictions for kidnapping and tampering with evidence, and we vacated those convictions. *Id.* at ¶ 27. Because we vacated the kidnapping conviction, we necessarily vacated the conviction for aggravated murder as a proximate result of kidnapping. *Id.* We further concluded the trial court had erred in failing to merge all the firearm specifications for purposes of sentencing. *Id.* at ¶ 41. We therefore reduced Like's definite sentence by a period of eight years, for an aggregate prison term of life plus 13 years. *Id.* at ¶ 43.

**{¶ 4}** In June 2019, Like filed a motion to vacate his sentence in which he asserted that the sentence was void because it did not provide for parole eligibility. The trial court overruled the motion, and no appeal was taken.

{¶ 5} In June 2020, Like filed a motion to correct his sentence, which was overruled by the trial court. Like appealed. We affirmed the trial court's judgment, stating that "any allied-offense sentencing error would have rendered Like's sentence voidable, not void. Thus, res judicata precluded him from raising an allied-offense issue in post-conviction proceedings." *State v. Like*, 2d Dist. Montgomery No. 28968, 2021-Ohio-2696, ¶ 14.

{¶ 6} In December 2020, Like filed a motion for jail-time credit. A jail-time credit report was filed with the trial court; it indicated that Like was entitled to 268 days of credit which would be automatically credited to him by the Bureau of Sentence Computation. The report was approved by the trial court on December 23, 2020.

{¶ 7} On August 4, 2022, Like filed a notice of non-compliance in which he argued that the notice of jail-time credit had constituted a resentencing. He further argued that the new sentence was void because it did not set forth the facts surrounding his conviction and did not include any information on sentencing other than the amount of jail time credit he would receive. The trial court treated the notice as a motion and overruled it.

{¶ 8} On February 2, 2023, Like filed a "motion for appointment of counsel" in which he again argued that the trial court's December 23, 2020 entry had constituted a resentencing and that it was void because it did not re-impose his former sentence. The trial court overruled the motion on the ground that all the issues raised by Like were barred by res judicata. The court also stated that appointed counsel is not required for successive post-conviction relief petitions.

{¶ 9} Like appeals.

## II. Analysis

{¶ 10} Like's sole assignment of error states:

WHERE A FUNDAMENTAL MISCARRIAGE OF JUSTICE OF CONSTITUTIONAL PROPORTION IS EVIDENT ON THE FACE OF THE RECORD, AND THE FOURTEENTH AMENDMENT MANDATES THAT A STATE MAY NOT DEPRIVE ANY PERSON OF LIFE, LIBERTY OR PROPERTY WITHOUT DUE PROCESS OF LAW, AN INDIGENT DEFENDANT IS ENTITLED TO APPOINTED COUNSEL WHERE SUCH PERSON IS FACIALLY DEPRIVED [OF] HIS OR HER LIBERTY WITHOUT DUE PROCESS OF LAW.

{¶ 11} Like claims the trial court erred by denying his motion for the appointment of counsel.

{¶ 12} At the outset, we note that when Like filed the February 2023 motion requesting counsel, the last ruling made by the trial court had been filed on August 22, 2022; in other words, there were no pending motions before the trial court for which counsel could possibly be required at that time. Therefore, the trial court was entitled to overrule the motion on that basis alone.

{¶ 13} However, it appears that the trial court treated the motion as a petition for post-conviction relief. Although Like argues the trial court was not permitted to take such action, we find no error. "Courts may recast irregular motions into whatever category necessary to identify and establish the criteria by which the motion should be judged.

Under certain circumstances, it is also appropriate for courts to recast motions that are unambiguously named and presented under a specific rule when said rule has no application to the judgment at issue." *State v. Clark*, 2017-Ohio-120, 80 N.E.3d 1251, ¶ 12 (2d Dist.), citing *State v. Schlee*, 117 Ohio St.3d 153, 2008-Ohio-545, 882 N.E.2d 431, ¶ 12. Despite the fact that Like's pleading was styled as a request for counsel, the only argument raised therein challenged the December 2020 entry granting jail-time credit, which he claimed constituted a resentencing. As such, the trial court appropriately considered the motion as a petition for post-conviction relief with an attendant request for appointed counsel.

{¶ 14} As stated, Like asserts that the December 2020 entry granting his request for jail-time credit constituted a resentencing and that the resentencing was void because the entry did not set forth the fact of his conviction or the sentence imposed. We disagree.

{¶ 15} R.C. 2929.19(B)(2)(g)(iii) governs motions to correct errors in jail-time credit.[1] The statute allows an offender to file a motion to correct an error in determining jail-time credit "at any time after sentencing" and gives the sentencing court authority to correct any error in determining jail-time credit that was "not previously raised at sentencing." The statute does not state that a jail-time entry constitutes a resentencing. Instead, as it is written, the statute merely permits the trial court to perform a ministerial function to address a singular error in sentencing. An entry filed by a trial court under

---

[1] Prior to the enactment of this statute, motions to correct jail-time errors filed outside the time for direct appeal were barred by the doctrine of res judicata. *State v. Thompson*, 147 Ohio St.3d 29, 2016-Ohio-2769, 59 N.E.3d 1264, ¶ 11.

the terms of this statute is akin to a nunc pro tunc order and, as such, it does not give rise to a new final order for purposes of appeal.    *See State v. Lentz*, 2d Dist. Miami No. 2022-CA-10, 2022-Ohio-4737, ¶ 7.

{¶ 16} Importantly, even if the jail-time credit entry had constituted a resentencing, any error therein would have rendered the sentence voidable rather than void, and thus could be challenged only on direct appeal.    The jail-time credit entry was filed in December 2020, and Like did not appeal.    Like cannot now challenge any error related to that order, as such arguments would be barred by res judicata.    *See State v. Like*, 2d Dist. Montgomery No. 28968, 2021-Ohio-2696, ¶ 13.

{¶ 17} Because we conclude that Like cannot challenge the jail-time credit entry under the circumstances of this case, we find that the trial court did not err in denying his motion for appointment of counsel.    Accordingly, the assignment of error is overruled.

### III.    Conclusion

{¶ 18} The judgment of the trial court is affirmed.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.