[Cite as *State v. Wooden*, 2023-Ohio-3624.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

    v.                            :          No. 112069

JYVARIS WOODEN,                         :

    Defendant-Appellant.          :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 5, 2023

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-634212-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen Knapp, Assistant Prosecuting Attorney, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Jonathan Sidney, Assistant Public Defender, *for appellant*.

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Jyvaris Wooden appeals his convictions for attempted murder with a firearm specification and attempted felonious assault, for which the trial court imposed an aggregate 14-year prison sentence.

{¶ 2} This court has twice remanded Wooden's matter to the trial court to correct various aspects of the sentence. This court dismissed his first appeal for lack of a final, appealable order because the trial court failed to impose a sentence on the attempted felonious assault count to which Wooden pleaded guilty. *State v. Wooden*, 8th Dist. Cuyahoga No. 109170, Motion No. 541878 (Oct. 22, 2020) ("*Wooden I*"). The trial court corrected the error at a resentencing hearing, sentencing Wooden to a prison sentence of 14 years for attempted murder and 24 months for attempted felonious assault. The court ran the sentences consecutively.

{¶ 3} Wooden appealed his convictions again. On that direct appeal, this court affirmed the convictions but vacated Wooden's sentences because the trial court failed to provide the violent-offender notice required by Sierah's Law. *State v. Wooden*, 8th Dist. Cuyahoga No. 110340, 2022-Ohio-814, ¶ 29 ("*Wooden II*"). This court found Wooden's arguments regarding the consecutive nature of the sentences were moot. *Id*. at ¶ 30.

{¶ 4} In this third appeal, we must decide whether Wooden may raise an allied-offenses error in this appeal despite failing to raise the error in his first two appeals. If we find that he may, we must then decide whether the trial court erred by sentencing Wooden on both attempted murder and attempted felonious assault, over Wooden's objection, at the second resentencing hearing that those were allied offenses.

{¶ 5} For the reasons that follow, we affirm.

## I.  Factual Background and Procedural History

{¶ 6} This court summarized the underlying facts as follows in Wooden's second appeal:

> On October 30, 2018, Wooden and the victim got into an altercation after the victim, while driving a lawnmower, hit a wooden plank erected to indicate Wooden's property line.  Wooden, an army veteran with a history of post-traumatic stress disorder and childhood trauma, not only activated his home alarm system, he approached the victim with a baseball bat and firearm.  A public utility worker saw Wooden swing the bat at the victim twice before struggling with the victim, who attempted to disarm Wooden.  During the struggle, Wooden shot the victim in the abdomen.  Wooden then used his home alarm system to call 911 and explained that he shot the victim because he was trespassing on Wooden's property.

*Wooden II*, 8th Dist. Cuyahoga No. 110340, 2022-Ohio-814, at ¶ 2.

{¶ 7} On November 7, 2018, a Cuyahoga County Grand Jury indicted Wooden on (1) one count of attempted murder in violation of R.C. 2923.02 and 2903.02(A) with one- and three-year firearm specifications; (2) one count of felonious assault in violation of R.C. 2903.11(A)(1) with one- and three-year firearm specifications; (3) one count of felonious assault in violation of R.C. 2903.11(A)(2) with one- and three-year firearm specifications and a statement that Wooden used a firearm to commit the offense and (4) one count of felonious assault in violation of R.C. 2903.11(A)(2) with a statement that Wooden used a baseball bat to commit the offense.

{¶ 8} Wooden pleaded guilty to an amended count one and an amended count four.  Specifically, he pleaded guilty to attempted murder with a three-year firearm specification and a forfeiture specification and to attempted felonious

assault in violation of R.C. 2923.02 and 2903.11(A)(2). The remaining counts and specifications were dismissed.

{¶ 9} On September 21, 2022, after this court decided *Wooden II*, affirming the convictions but remanding the matter based on a notification error at the first resentencing hearing, the trial court held a second resentencing hearing. Prior to the second resentencing hearing, Wooden objected for the first time to the imposition of compound sentences on the attempted murder and attempted felonious assault offenses. He argued at the second resentencing hearing that those were allied offenses that should be merged.

{¶ 10} With respect to this argument, the trial court stated as follows at the second resentencing hearing:

> I find that Count 1 and Count 4 are dissimilar crimes of import and are not allied offenses pursuant to the facts that are clear in the record of this case and incorporating all of the statements made by the victim, the presentence investigation report, prior arguments of counsel, incorporating those arguments again in this hearing * * *.

{¶ 11} The trial court then sentenced Wooden to 14 years in prison on the attempted murder offense (three years for the firearm specification and 11 years on the underlying felony) and to three years in prison on the attempted felonious assault offense. The court ran the sentences concurrently, for an aggregate 14-year prison sentence.

{¶ 12} Wooden appealed, raising the following assignment of error for review:

> The trial court erred in entering convictions on multiple counts in violation of Mr. Wooden's right to trial by jury under the United States and Ohio Constitutions.

## II. Law and Analysis

{¶ 13} Our consideration of the state's argument regarding res judicata is dispositive of this appeal.

{¶ 14} "The doctrine of res judicata establishes that 'a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.'" *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 30, quoting *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. The "doctrine serves to preclude a defendant who has had his day in court from seeking a second on that same issue." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18. This "promotes the principles of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *Id.*

{¶ 15} Res judicata applies to the issue of whether two offenses constitute allied offenses subject to merger. *See, e.g., State v. Poole*, 8th Dist. Cuyahoga No.

94759, 2011-Ohio-716, ¶ 13. Even when a defendant's sentence is vacated on direct appeal, res judicata can bar the defendant from litigating a merger argument regarding the convictions at the resentencing hearing. *See State v. Phillips*, 8th Dist. Cuyahoga No. 98487, 2013-Ohio-1443, ¶ 3, 5–7; *State v. Craig*, 5th Dist. Licking No. 2005CA16, 2005-Ohio-5300, ¶ 6, 14; *State v. Collins*, 8th Dist. Cuyahoga No. 97496, 2012-Ohio-3687, ¶ 9; *State v. Smith*, 1st Dist. Hamilton No. C-190473, 2020-Ohio-4977, ¶ 5.

{¶ 16} Wooden's first appeal raised three assignments of error, none of which asserted an allied-offenses error. Wooden's second appeal raised six assignments of error, yet he still did not challenge the trial court's decision to sentence him on both the attempted murder and attempted felonious assault offenses.

{¶ 17} The state argues that because Wooden did not raise an allied offenses error in either of his first two appeals, the argument is now barred. Wooden responds that he may raise the argument because his first appeal was dismissed for lack of a final, appealable order and because this court vacated his sentences in the second appeal and new sentences were imposed at the second resentencing hearing. We agree with the state that Wooden's argument is barred by res judicata.

{¶ 18} Wooden's first appeal presents no bar. As this court determined in *Wooden I*, there was no final, appealable order at the time of Wooden's first appeal. *See Wooden II*, 8th Dist. Cuyahoga No. 110340, 2022-Ohio-814, at ¶ 10. Res judicata only bars a party "from relitigating the same issue or claim that has already

been decided in a final, appealable order or a valid, final judgment in a prior proceeding and could have been raised on appeal in that prior proceeding." *AJZ's Hauling, L.L.C. v. Trunorth Warranty Programs of N. Am.*, Slip Opinion No. 2023-Ohio-3097, at ¶ 15. Because the merger issue had not been decided in a final, appealable order at the time of Wooden's first appeal, the trial court's first sentencing entry and Wooden's first appeal do not bar litigation of the issue in this appeal.

{¶ 19} Wooden's second appeal, on the other hand, prevents our consideration of the trial court's decision not to merge the offenses.

{¶ 20} A trial court "determine[s] whether offenses are allied offenses under R.C. 2941.25(A) *prior to* sentencing by examining the underlying convictions (elements of the offenses) and the facts of the case." (Emphasis in original.) *State v. Smith*, 3d Dist. Marion No. 9-11-36, 2012-Ohio-1891, ¶ 22, citing *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 47 (plurality opinion); *see also Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, at ¶ 13 ("Although * * * the issue of merger clearly affects a defendant's sentencing disposition, the question of whether the verdicts on all counts can be used to support separate convictions for all offenses charged is decided by the trial court prior to its determination of a defendant's sentence.").

{¶ 21} "As a general rule, 'when a trial court finds that convictions are not allied offenses of similar import, or when it fails to make any finding regarding whether the offenses are allied, imposing a separate sentence for each offense is not

contrary to law and any error must be asserted in a timely appeal or it will be barred by principles of res judicata.'" *State ex rel. Romine v. McIntosh*, 162 Ohio St.3d 501, 2020-Ohio-6826, 165 N.E.3d 1262, ¶ 13, quoting *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 26.

{¶ 22} Wooden did not argue at the first resentencing hearing that these offenses should merge. The trial court imposed sentences on both offenses without making a specific finding regarding whether the offenses were allied. The trial court's second sentencing journal entry, retaining the trial court's decision not to merge the offenses, was a final, appealable order. Wooden filed a direct appeal from that order and raised six assignments of error, none of which asserted a merger error.

{¶ 23} While this court vacated Wooden's sentences, it did so based solely on the trial court's failure to provide certain Sierah's Law notices (regarding the violent-offender-database registration) mandated by R.C. 2903.42(A)(1). This court "remand[ed] the matter for the trial court to provide Wooden with the proper notice * * *." *Wooden II*, 8th Dist. Cuyahoga No. 110340, 2022-Ohio-814, at ¶ 29. Wooden's convictions, including the trial court's merger decision, were left standing.

{¶ 24} This court has rejected attempts to raise the issue of allied offenses for the first time at a resentencing hearing under similar circumstances, as when a sentence is vacated for failure to properly notify a defendant of matters related to postrelease control. *See State v. Phillips*, 8th Dist. Cuyahoga No. 98487, 2013-Ohio-1443, ¶ 3, 5–7; *State v. Allen*, 8th Dist. Cuyahoga No. 97552, 2012-Ohio-3364, ¶ 20,

citing *State v. Padgett*, 8th Dist. Cuyahoga No. 95065, 2011-Ohio-1927; *State v. Woods*, 8th Dist. Cuyahoga No. 96487, 2011-Ohio-5825; *State v. Ballou*, 8th Dist. Cuyahoga No. 95733, 2011-Ohio-2925. Moreover, "[t]he imposition of compound sentences for allied offenses is an error in the exercise of [a trial court's subject-matter] jurisdiction, to be challenged at sentencing and remedied on direct appeal." *McIntosh* at ¶ 15; *see also Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, at ¶ 13 (stating that "the time to challenge a conviction based on allied offenses is through a direct appeal — not at a resentencing hearing"); *State v. Padgett*, 8th Dist. Cuyahoga No. 95065, 2011-Ohio-1927, ¶ 8.

{¶ 25} Wooden did not challenge the imposition of compound sentences at the first resentencing hearing and failed to raise the alleged error in the previous direct appeal from the trial court's sentence. His assignment of error in this appeal is thus barred by res judicata. We, therefore, overrule it.

## III. Conclusion

{¶ 26} Having overruled Wooden's sole assignment of error for the reasons stated above, we affirm.

It is ordered that the appellee recover from the appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
EMANUELLA D. GROVES, J., CONCUR