[Cite as *Leffel v. Nassar*, 2019-Ohio-5292.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

JENNIFER LEFFEL

    Appellant

    v.

MICHAEL NASSAR

    Appellee

C.A. No.    17CA0080-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    13PA0104

DECISION AND JOURNAL ENTRY

Dated: December 23, 2019

TEODOSIO, Presiding Judge.

{¶1} Jennifer M. Leffel appeals the judgment of the Medina County Court of Common Pleas, Domestic Relations Division, that adopted the magistrate's decision and was entered on October 19, 2017. We affirm.

I.

{¶2} This matter relates to the allocation of parental rights, shared parenting, and child support for two minor children of which Ms. Leffel is the mother and Michael Nassar is the father. In March and June of 2017, a hearing was held before the magistrate on multiple motions filed by Ms. Leffel and Mr. Nassar. A magistrate's decision was issued on October 19, 2017, establishing a shared parenting plan, finding Ms. Leffel in contempt, finding Mr. Nassar to not be in contempt, and recommending an award of attorney's fees to Mr. Nassar. Also on October 19, 2017, the trial court adopted the magistrate's decision and entered judgment. In accordance with Civ.R. 53(D)(3)(a)(iii), the magistrate's decision conspicuously indicated that "[a] party

shall not assign as error on appeal the [c]ourt's adoption of any finding of fact or conclusion of law in that decision unless the party timely and specifically objects to that finding or conclusion as required by Civ.R. 53." Likewise, the magistrate's decision indicated that each party had fourteen days from the filing date of the decision to file any objections.

{¶3}     Neither party filed objections to the magistrate's decision with the trial court. Ms. Leffel now appeals, raising five assignments of error, which are stated below verbatim.

## II.

### ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN WEIGHING SUBMITTED DOMESTIC VIOLENCE EVIDENCE INCLUDING POLICE REPORTS, WITNESS STATEMENTS, PHOTOS, PSYCHOLOGICAL ASSESSMENT AND TESTIMONY FROM TRIAL COURT AND RULED EVIDENCE AS HEARSAY. DUE TO THIS HIGH INTENSE SITUATION. THE COURT ERRED BY ISSUING A GENERAL SHARED PARENTING PLAN VERSUS SOLE CUSTODY TO APPELLEE WITH STANDARD VISITATION TIME TO APPELLANT; SHARED PARENTING PLAN NOT IN THE CHILDREN'S BEST INTEREST CONSIDERING THE SEVERE LEVEL OF EXTREME CONFLICT BETWEEN APPELLEE AND APPELLANT.

### ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN AWARDING APPELLEE ATTORNEY FEES AND COURT COSTS TOTALING $1200.00.

### ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ERRED IN DENYING MOTION OF CONTEMPT OF APPELLEE FOR FAILURE TO PAY ANY AMOUNT OF CURRENT EFFECTIVE AND ENFORCEABLE CHILD SUPPORT ORDER FOR 36 OF 60 MONTHS.

### ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT ERRED IN FINDING APPELLANT IN CONTEMPT FOR NON-COMPLIANCE OF ORDER OF SUPERVISED VISITATION AT 4046 MEDINA ROAD DUE TO CONFLICT OF INTEREST IN FAVOR OF

APPELLEE. MOTION FOR RELOCATION OF VISITATION DENIED FROM FEBRUARY 1, 2017.

ASSIGNMENT OF ERROR FIVE

THE TRIAL COURT ERRED IN ALLOWING DAVID GEDROCK, TRIAL ATTORNEY FOR APPELLANT WITHDRAW MOTION FOR CHILD SUPPORT ORDER REVIEW AND MODIFICATION ON GROUNDS THAT IT WAS AN IMPOSSIBLE REQUEST.

{¶4} Pursuant to Civ.R. 53(D)(3)(b)(i), "[a] party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i)." "If the court enters a judgment during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Civ.R. 53(D)(4)(e)(i).

{¶5} In accordance with Civ.R. 53(D)(3)(a)(iii), the magistrate's decision issued in this matter conspicuously indicated that "[a] party shall not assign as error on appeal the [c]ourt's adoption of any finding of fact or conclusion of law in that decision unless the party timely and specifically objects to that finding or conclusion as required by Civ.R. 53." Likewise, the magistrate's decision indicated that each party had fourteen days from the filing date of the decision to file any objections. Ms. Leffel did not file objections to the magistrate's decision as permitted by Civ.R. 53(D)(3)(b)(i).

{¶6} Civ.R. 53(D)(3)(b)(iv) provides: "Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as [such] * * *, unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)." Accordingly, "[t]his Court has held

that when a party fails to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal." *Adams v. Adams*, 9th Dist. Wayne No. 13CA0022, 2014-Ohio-1327, ¶ 6. "While a [party] who forfeits such an argument still may argue plain error on appeal, this [C]ourt will not sua sponte undertake a plain-error analysis if the [party] fails to do so." (Alterations sic.) *Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc.*, 9th Dist. Medina No. 13CA0098-M, 2015-Ohio-46, ¶ 24, quoting *McMaster v. Akron Health Dept.*, 189 Ohio App.3d 222, 2010-Ohio-3851, ¶ 20 (9th Dist.); *see also State v. White*, 9th Dist. Summit Nos. 23955 and 23959, 2008-Ohio-2432, ¶ 33 ("[T]his Court will not construct a claim of plain error on behalf of an appellant who fails to raise such an argument in her brief."). Ms. Leffel has not argued plain error to this Court.

{¶7} Because Ms. Leffel has failed to preserve for appellate review the issues set forth in her assignments of error, we decline to address them. Ms. Leffel's assignments of error are therefore overruled.

III.

{¶8} Ms. Leffel's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
CALLAHAN, J.
CONCUR.

APPEARANCES:

JENNIFER M. LEFFEL, pro se, Appellant.

MICHAEL J. NASSAR, pro se, Appellee.