**[Cite as *In re Haxton*, 2026-Ohio-1909.]**

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | | |

IN RE: ESTATE OF EILEEN R. HAXTON

C.A. No.    2025CA0035-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    2023-03-ES-0109

DECISION AND JOURNAL ENTRY

Dated: May 26, 2026

SUTTON, Judge.

{¶1} Appellant Kevin R. Haxton, ancillary administrator of the Estate of Eileen Haxton, appeals the judgment of the Medina County Court of Common Pleas, Probate Division. For the reasons that follow, this Court affirms.

I.

**Relevant Background Information**

{¶2} This appeal arises from a dispute over real property owned by Kevin's mother Eileen at the time of her death. The property is located on Foundry Street in Medina County ("the Foundry Property"). Kevin's son Matthew had previously owned the Foundry Property. When Matthew died, Kevin inherited an interest in the Foundry Property. The property had a mortgage and Eileen loaned Kevin the amount of the mortgage plus $4,000 to pay off the mortgage and to pay Matthew's mother $4,000.00 for her share of Matthew's estate assets. According to Kevin, the Foundry Property was then quit-claimed to Eileen to secure the loan. A verbal agreement

allegedly existed between Kevin and Eileen whereby Kevin would pay back the loan and Eileen would then deed the Foundry Property to him. However, Eileen died before this occurred.

{¶3} Eileen died testate on February 8, 2022, in the state of Florida and an estate was opened for her in Florida. Because Eileen owned the Foundry Property in Medina County at the time of her death, an ancillary estate was opened for her in Medina County. Kevin was appointed ancillary administrator ("fiduciary") of Eileen's estate. Kevin filed an inventory but did not list the Foundry Property as an asset of the estate. Instead, Kevin listed the outstanding loan from Eileen to Kevin as the only asset of the estate. Two of Kevin's brothers, Appellees Shawn C. Haxton and Todd M. Haxton, filed exceptions to the inventory.

{¶4} Kevin filed an amended inventory, this time listing the Foundry Property as an asset of the estate and also describing the loan arrangement he had with Eileen. Shawn and Todd filed exceptions to the amended inventory, challenging the value of the Foundry Property as listed by Kevin.

{¶5} The magistrate set the exceptions to the amended inventory for a hearing. The magistrate also stated in the order that Kevin's interests in the estate set him against the other heirs because if he were to succeed, he would receive title to the property and would pay the estate an amount of money significantly less than the value of the property. Due to Kevin's apparent conflict of interest, the magistrate set a hearing to remove Kevin as fiduciary, which was scheduled for the same date as the hearing on the exceptions to the amended inventory.

{¶6} After the hearing, the magistrate issued a decision finding there was a verbal agreement between Eileen and Kevin, but no evidence of a written contract and found the

agreement was therefore barred by the statute of frauds.[1] The magistrate further found that Eileen died having sole title to the real property at issue. The magistrate then determined that Kevin had a conflict of interest with the estate of which he was fiduciary because his personal interest in upholding his contractual rights put him at odds with his fiduciary duty to the estate. Finding that Kevin's personal interests were far too intertwined in the matter to allow him to continue as fiduciary, the magistrate decided to remove Kevin as ancillary administrator of Eileen's estate. The magistrate's decision advised:

### RIGHT TO OBJECT TO MAGISTRATE'S DECISION

Within fourteen (14) days of the filing of a magistrate's decision, a party may file written objections to the decision. If any party files a timely objection, any other party may also file objections no later than ten (10) days after the first objections are filed. Objections shall be specific and state with particularity the grounds for the objections. A party shall not assign error on appeal the court's adoption of any finding of fact or conclusion of law in that decision unless the party timely and specifically objects to that finding or conclusion as required by Civil Rule 53 (D).

{¶7}    The trial court immediately adopted the magistrate's decision, stating in its journal entry:

Pursuant to Civ.R. 53(D)(4)(e), this [c]ourt adopts the decision of the [m]agistrate, issued May 20, 2025, finding there exists no error of law or other defect evident on its face and hereby enters judgment immediately, without awaiting the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections to said decision. The timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment entered herein.

---

[1] Ohio's "statute of frauds" is codified in R.C. 1335.05 and provides in part : "a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them . . . unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized."

{¶8} No objections were filed to the magistrate's decision. Kevin appealed from the trial court's journal entry immediately adopting the magistrate's decision, raising four assignments of error for our review.

{¶9} To facilitate our analysis, we have grouped the assignments of error.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY DECIDING THAT THE LANGUAGE AND CLAIM ON THE INVENTORY THAT THE ESTATE IS OWED A PERSONAL LOAN FROM [KEVIN] AND HOLDING THE FOUNDRY PROPERTY AS COLLATERAL IS BARRED BY THE STATUTE OF FRAUDS AND IS NOT AN ASSET OF [EILEEN'S ESTATE].**

### ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY DECIDING THAT OBJECTIONS TO THE AMENDED INVENTORY ARE SUSTAINED AS TO THE LANGUAGE OF THE INVENTORY.**

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT ERRED BY DECIDING THAT [EILEEN] DIED OWNING SOLE TITLE TO THE FOUNDRY PROPERTY WITH THE VALUATION LISTED ON THE AMENDED INVENTORY.**

### ASSIGNMENT OF ERROR IV

**THE TRIAL COURT ERRED BY DECIDING TO REMOVE THE FIDUCIARY, KEVIN R. HAXTON, AS ANCILLARY ADMINSTRATOR OF THE ESTATE.**

{¶10} All of Kevin's assignments of error have been forfeited, except for plain error, by his failure to object to the magistrate's decision. Civ.R. 53(D)(3)(b)(iv). Kevin was required to object to the magistrate's decision to preserve his challenges to any factual findings or legal conclusions, even if the trial court immediately adopted the magistrate's decision pursuant to Civ.R. 53(D)(4)(e)(i). Civ.R. 53(D)(3)(b)(i) provides in relevant part:

A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, *whether or not the court has adopted the decision during that fourteen-day period* as permitted by Civ.R. 53(D)(4)(e)(i).

(Emphasis added.) Civ.R. 53(D)(3)(b)(iv) provides in relevant part:

Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), *unless the party has objected to that finding or conclusion* as required by Civ.R. 53(D)(3)(b).

(Emphasis added.) Civ.R. 53(D)(4)(e)(i) allows the trial court to immediately adopt a magistrate's decision, but such adoption does not absolve a party of his or her obligation to file objections to the magistrate's decision. Civ.R. 53(D)(4)(e)(i) provides:

The court may enter a judgment either during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired. If the court enters a judgment during the fourteen days permitted by Civ.R. 53(D)(3)(b)(i) for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered.

Kevin did not file objections to the magistrate's decision. Indeed, here, the magistrate's decision conspicuously advised that the parties could file written objections to the magistrate's decision within 14 days and warned, "[a] party shall not assign error on appeal the court's adoption of any finding of fact or conclusion of law in that decision unless the party timely and specifically objects to that finding or conclusion as required by Civil Rule 53 (D)." The trial court's judgment entry adopting the magistrate's decision stated that objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment entered.

{¶11} This case is procedurally similar to *Leffel v. Nassar*, 2019-Ohio-5292 (9th Dist.). In that case, the magistrate issued a decision, which the trial court adopted the same day. *Id.* at ¶

2. The magistrate's decision in *Leffel* conspicuously advised that a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law in that decision unless the party timely and specifically objects to that finding or conclusion as required by Civ.R. 53, and indicated that each party had fourteen days from the filing date of the decision to file any objections. *Id.* Neither party in that case filed objections to the magistrate's decision. *Id.* at ¶ 3. On appeal, this Court determined that the appellant in *Leffel* failed to preserve the issues set forth in her assignments of error and overruled the assignments of error on that basis. *Id.* at ¶ 7.

{¶12} This case is also similar to *Progressive Macedonia LLC v. Shepherd,* 2021-Ohio-792 (11th Dist.). In that case, the magistrate issued a magistrate's decision, which the trial court adopted the same day. *Id.* at ¶ 25. The record in that case did not reflect that objections to the magistrate's decision were filed. *Id.* The Eleventh District Court of Appeals stated, "[a] party's failure to file objections to a magistrate's decision has consequences." *Id.* at ¶ 33, quoting *State ex rel. Franks v. Ohio Adult Parole Authority,* 2020-Ohio-711, ¶ 9. Thus, in a civil case before a trial court, when a party fails to file objections to a magistrate's decision, that party forfeits the right to later assign as error on appeal the court's adoption of any of the magistrate's findings and conclusions. *Id.*

{¶13} "This Court has previously determined that an appellant forfeits appellate review of any issues not stated in [an objection] to the magistrate's decision." *Trombley v. Trombley*, 2018-Ohio-1880, ¶ 10 (9th Dist.), citing *Adams v. Adams*, 2014-Ohio-1327, ¶ 6 (9th Dist.) ("This Court has held that when a party fails to properly object to a magistrate's decision in accordance with Civ.R. 53(D)(3), the party has forfeited the right to assign those issues as error on appeal.") *See also John Soliday Fin. Group, L.L.C. v. Robart*, 2009-Ohio-2459, ¶ 15 (9th Dist.) ("Because

[appellant] did not specifically object to the findings in the magistrate's decision set forth in the . . . assignments of error, those claims have been forfeited and may not be raised on appeal.").

{¶14} Therefore, by failing to file objections to the magistrate's decision pursuant to Civ.R. 53(D)(3)(b)(iv), Kevin has forfeited his arguments on appeal, except for a claim of plain error. *See Progressive Macedonia* at ¶ 40, citing *Franks* at ¶ 11. Kevin, however, has not made a plain error argument, and we will not develop one for him. *State v. White*, 2008-Ohio-2432, ¶ 33 (9th Dist.); *Leffel* at ¶ 6. While a party who forfeits an argument may still argue plain error on appeal, this Court will not sua sponte undertake a plain error analysis if the party fails to do so. *Bass-Fineberg Leasing, Inc. v. Modern Auto Sales, Inc.*, 2015-Ohio-46, ¶ 24 (9th Dist.).

{¶15} Accordingly, Kevin's assignments of error are overruled.

III.

{¶16} For the forgoing reasons, Kevin's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas, Probate Division is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____

BETTY SUTTON
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

NICHOLAS D. LAUDATO, Attorney at Law, for Appellant.

PAUL ALLEN BAYER, Attorney at Law, for Appellee.